IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WALTER LOGAN, #304 876, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CASE NO. 2:19-CV-484-WKW-CSC ) [WO] |
| SGT. BASKINS, et al., | ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Richard Logan filed this 42 U.S.C. § 1983 action on July 9, 2019. On October 8, 2019, the Court entered an Order of Procedure. Doc. 8. The Order directed Defendants to file an Answer and Written Report and also directed Plaintiff to "immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." Doc. 8 at 3, ¶8. The Order also advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id*.

The undersigned recently ascertained that Plaintiff is no longer at the service address on record with the Court.[1] Accordingly, the undersigned entered an Order on December 14, 2021, requiring that by December 27, 2021, Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failures to comply

---

[1] Available at http://www.doc.state.al.us/inmatesearch (last visited January 25, 2022). The docket reflects Plaintiff's service address is the Bullock Correctional Facility in Union Springs, Alabama.

with the orders of the court and to adequately prosecute this action. Doc. 37. This Order specifically informed Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the December 14, 2021, Order was returned to the Court January 24, 2022, marked as undeliverable.

Because of Plaintiff's failure to comply with the orders of the Court, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that **by February 8, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or

general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 25th day of January 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE